IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No.24-cv-00729-REB

ANDREW C. KOSS,

>   Plaintiff,

v.

MARTIN O'MALLEY, Commissioner of Social Security,

>   Defendant.

## ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION

**Blackburn, J.**

The matter before me is **Defendant's Motion To Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)** [#9],[1] filed March 13, 2024.  Plaintiff filed an untimely response to the motion without leave of court ([#10], filed June 9, 2024).[2]  It therefore would be within my discretion to refuse to consider the response.  **See Sizemore v. State of New Mexico Department of Labor**, 182 Fed. Appx. 848, 854 (10th Cir. 2006); **Clyne v. Walters**, 2009 WL 189956 at *2 (D. Colo. Jan. 27, 2009).  Nevertheless, even on the merits, I find and conclude plaintiff failed to file this appeal in the time and manner prescribed by law, and therefore his claims must be dismissed as barred by limitations.

---

[1] "[#9]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] D.C.COLO.LCivR 7.1(d) permits a party to file a response to a motion within 21 days of the date of service of the motion. Twenty-one days from May 13, 2024, was June 3, 2024.  The response therefore was filed nearly a week late.

The law is clear: "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." **Federal Deposit Insurance Corp. v. Meyer**, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Where the government has consented to be sued, the terms of its consent define the boundaries of the court's jurisdiction. **Id.**, 114 S.Ct. at 1000. **See also United States v. Mitchell**, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

As applied in this context, that proscription means that any suit seeking review of a final decision of the Acting Commissioner must be commenced within sixty days after the mailing of notice of the right to appeal.[3] **See** 42 U.S.C. §§ 405(g) & 405(h). Although this bar operates as a statute of limitations rather than a jurisdictional bar, because it is a condition on the government's waiver of sovereign immunity, it nevertheless must be strictly construed. **Bowen v. City of New York**, 476 U.S. 467, 478-79, 106 S.Ct. 2022, 2029-30, 90 L.Ed.2d 462 (1986); **Gossett v. Barnhart**, 139 Fed. Appx. 24, 25 n.1 (10th Cir. May 19, 2005), **cert. denied**, 126 S.Ct. 453 (2005); **Miles v. Colvin**, 2014 WL 2533814 at *1 (W.D. Okla. June 5, 2014).

On January 11, 2023, an Administrative Law Judge ("ALJ") issued a partially favorable decision on plaintiff's application for disability insurance benefits under Title II of the Social Security Act. (**Def. Motion App.**, Podraza Decl. ¶ (3)(a) at 3 & Exh. 1.)

---

[3] Barring evidence to the contrary, the date of receipt is presumed to be five days after the date of notice. **See** 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). **See also Gossett v. Barnhart**, 139 Fed. Appx. 24, 26 (10th Cir. May 19, 2005); **cert. denied**, 126 S.Ct. 453 (2005).

2

Plaintiff requested review of this decision by the Appeals Council.  On April 11, 2023, the Appeals Council notified plaintiff it had denied his request for review.  (*Id.*, Podraza Decl. ¶ (3)(a) at 3 & Exh. 2.)  Counsel for plaintiff initially requested an extension of the deadline to file plaintiff's appeal on April 26, 2023.  When counsel did not receive a reply, she sent a second request for extension on November 15, 2023.  (*Id.*, Podraza Decl. ¶ 3(b) & Exh. 3.)  The Appeals Council granted that request by letter dated December 29, 2023, affording plaintiff an additional 30 days in which to file his appeal.  (**Resp. App.**, Exh. C.)   Plaintiff's appeal thus was due to be filed in this court no later than February 2, 2023, thirty-five days from the date the notice was mailed. *See* 20 C.F.R. §§ 416.1401 & 422.210(c).  Because this action was not commenced until March 15, 2023, plaintiff's appeal is untimely.

While the court retains discretion to equitably toll the statute of limitations in appropriate circumstances, *see United States v. Clymore*, 245 F.3d 1195, 1198 (10th Cir. 2001), "[f]ederal courts have typically extended equitable relief only sparingly," *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (citation and internal quotation marks omitted).  The second prong of the test "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257, 136 S.Ct. 750, 756, 193 L.Ed.2d 652 (2016) (emphasis in original).

Plaintiff claims he is entitled to equitable tolling because his counsel automatically assumed she could file the appeal within sixty days as provided by 42 U.S.C. § 405(g).  (**Response** at 3.)  Counsel argues her error constitutes excusable neglect and should be forgiven.

There are at least three problems with this argument.   First, in the context of tolling limitations, the Supreme Court unequivocally has stated that excusable neglect does not constitute an extraordinary circumstance warranting relief.  *Irwin*, 111 S.Ct. at 458.[4]  The argument therefore fails in its premise.

Yet even if the court were to consider counsel's argument, I would not find the circumstances recounted here constitute excusable neglect.  Although the court generally considers a number of factors in determining whether neglect is excusable,[5] **Perez v. El Tequila, LLC**, 847 F.3d 1247, 1253 (10th Cir. 2017), counsel's reason for missing the deadline is "perhaps the most important single factor," **City of Chanute, Kansas v. Williams Natural Gas Co.**, 31 F.3d 1041, 1046 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1254 (1995).  Here, the Appeals Council's letter quite plainly stated that plaintiff was granted only an additional thirty days in which to file.  Counsel's contrary assumption suggests, at best, that she did not read the letter.  Such inadvertence rarely constitutes excusable neglect.  **Cf. United States v. Torres,** 372

---

[4]  Counsel cannot be unaware of this line of authority, as I have cited it at least twice in the recent past in rejecting similar arguments she has made in other cases.  **See Order Dismissing Appeal for Lack of Jurisdiction** [#15], filed November 16, 2023, in **Cox v. Kijakazi**, Civil Action No. 23-cv-01861-REB; **Order Dismissing Appeal for Lack of Jurisdiction** [#14], filed November 15, 2024, in **Sachs v. Kijakazi**, Civil Action No. 23-cv-01863-REB.

[5]  These include  (i) the danger of prejudice to the non-movant; (ii) the length of the delay and its impact on the proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant has acted in good faith.  **Perez**, 847 F.3d at 1253.

F.3d 1159, 1163-64 (10th Cir. 2004) (finding "counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless '[t]he word "excusable" [is to be] read out of the rule.'") (citation omitted; alterations in original). Given counsel's substantial history in this district of failing to meet filing deadlines[6] – including the failure to file a timely response to the instant motion – I would not be inclined to consider her purported inadvertence in properly calendaring this deadline as sufficient to excuse the failure to file.

Nevertheless, and finally, even if I were to accept plaintiff's excusable neglect argument, the appeal is untimely. The Appeals Council's notice was dated December 29, 2023. Sixty-five days from that date was March 4, 2024. This appeal was not filed until March 15, 2024. The appeal therefore is untimely in any event.

Accordingly, I find and conclude it would be inappropriate to exercise my discretion to equitably toll limitations in this instance. Dismissal thus is required.

**THEREFORE IT IS ORDERED** as follows:

1. That **Defendant's Motion To Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)** [#9], filed May 13, 2024, is granted; and

2. That this appeal is dismissed.

---

[6] Of the twelve cases plaintiff has filed in this district since January 2023 (including this one), she has missed a filing deadline in all but three of them, resulting in either the dismissal of the appeal for failure to meet the original filing deadline (*see supra* n.4); the issuance of at least one show cause order (*see* Civil Action Nos. 23-cv-00184-REB; 23-cv-1969-REB; 23-cv-02905-REB; 24-cv-00272-REB); or, in one particularly egregious example, the dismissal of the appeal as a sanction for failure to file an opening brief despite repeated extensions of the deadline (Civil Action No. 23-cv-00706-REB). (In one additional case, 23-cv-02184-REB, the opening brief was filed one day late without leave of court, but the court let the lapse pass unremarked.)

Dated June 28, 2024, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge